IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

BRYANT L. COCHRAN,

v.

UNITED STATES OF
AMERICA.

CRIMINAL FILE NO.
4:14-CR-022-01-HLM-WEJ

CIVIL FILE NO.
4:18-CV-0068-HLM-WEJ

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [114][1] and on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [122].

---

[1] The Court agrees with Judge Johnson that Petitioner's § 2255 Motion is not moot. (Final Report & Recommendation (Docket Entry No. 122) at 1 n.1.)

**I.      Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation.  Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990).  If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error.  Macort, 208 F. App'x at 784.  Legal conclusions, of course, are subject to de novo review even if no party specifically objects.

United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

The Court finds that Judge Johnson accurately set forth the procedural background for this case. (Final Report & Recommendation at 2-7.) The Court incorporates that portion of the Final Report and Recommendation into this Order as if set forth fully herein, and it adds only those background facts that are relevant to this Order.

On July 30, 2021, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 122.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (Id.)

As of the date of this Order, the Clerk's docket indicates that Petitioner has not filed Objections to the Final Report and Recommendation. (See generally Docket.) The time for filing

Objections has expired, and the Court concludes that this matter is ripe for resolution.

### III. Applicable Standard

Judge Johnson accurately set forth the standards governing § 2255 Motions. (Final Report & Recommendation at 7.) The Court applies those same standards when evaluating Petitioner's § 2225 Motion. The Court further finds that no evidentiary hearing is required.

### IV. Discussion

**A. Ground 1**

In Ground 1 of his § 2255 Motion, Petitioner argues that his trial counsel provided ineffective assistance by failing to file a pretrial motion challenging the sufficiency of the Superseding Indictment. (§ 2255 Mot. at 4.) Judge Johnson correctly set forth the standard governing ineffective assistance of counsel claims, and he accurately set forth the relevant portions of the texts of the statutes charged in the Superseding Indictment, the

4

relevant portions of the Superseding indictment, and the law governing sufficiency of an indictment. (Final Report & Recommendation at 9-14.) Judge Johnson also properly found that the Superseding Indictment was constitutionally sufficient, and he correctly rejected Petitioner's contention that "sexual assault" was not a predicate listed in 18 U.S.C. § 242. (Id. at 14-16.) The Court agrees with Judge Johnson that Petitioner's "contentions that (1) he was not charged with or his conduct did not rise to the level of 'aggravated sexual abuse' within the meaning of the enhanced penalty provision of § 242, (2) placing personal drugs under a car to allow police to stage an arrest was not distribution, dispensing, or delivering within the meaning of [18 U.S.C.] § 841(a)(1), and (3) he could not engage in witness tampering where he did not know of the investigation and witness, do not call into question the validity of the indictment." (Id. at 16.) Instead, as Judge Johnson recognized, those issues challenge the sufficiency of the evidence to support Petitioner's

5

convictions for Counts 1, 2, 4, 5, and 6, and the Eleventh Circuit has already resolved that contention against Petitioner as to Counts 1, 4, 5, and 6. (Id. at 16-17.) Further, to the extent that Petitioner argues that "the evidence was insufficient to support his convictions or that the [Court] gave improper jury instructions, such claims are procedurally barred because they were either raised and disposed of on direct appeal or they could have been raised on direct appeal." (Id. at 17 n.3.) In any event, Judge Johnson correctly found that: "Because the Superseding Indictment was constitutionally sufficient, [Petitioner's] counsel was not ineffective for failing to raise a meritless challenge to the indictment." (Id. at 17.)

In sum, the Court finds that Petitioner has failed to show that he is entitled to relief as to Ground 1. The Court therefore adopts this portion of the Final Report and Recommendation.

## B. Ground 2

In Ground 2, Petitioner claims that his trial counsel provided ineffective assistance by failing to present evidence that Petitioner was involved in a nearly eight-year consensual sexual relationship with V.R. (§ 2255 Mot. at 16.) Judge Johnson accurately set forth the law governing this claim. (Final Report & Recommendation at 18-19.) The Court agrees with Judge Johnson's findings that because Petitioner "directed his counsel not to pursue a consent defense, and counsel acquiesced to that direction, [Petitioner] cannot show that his counsel's performance was deficient." (Id. at 19-20.) Judge Johnson also correctly concluded that Petitioner failed to show "that his counsel's decision to attack V.R.'s credibility fell below an objective standard of reasonableness, or that he was prejudiced by not presenting evidence of other, consensual sexual encounters where V.R. testified at trial to specific instances of nonconsensual sexual acts." (Id.) The Court agrees with Judge

7

Johnson that Petitioner cannot obtain relief based on this claim, and it adopts this portion of the Final Report and Recommendation.

**C. Ground 3**

In Ground 3 of his § 2255 Motion, Petitioner argues that his counsel provided ineffective assistance by failing to call Clifford Joyce as a witness. (§ 2255 Mot. at 20.) Judge Johnson correctly set forth the law governing ineffective assistance of counsel claims relating to uncalled witnesses. (Final Report & Recommendation at 22.) The Court agrees with Judge Johnson that Petitioner is not entitled to relief for this claim because it is entirely speculative. (Id.) Petitioner has not shown that his attorney's decision not to call Mr. Joyce as a witness constituted deficient performance or that this failure prejudiced Petitioner. The Court therefore adopts this portion of the Final Report and Recommendation.

### D. Ground 4

In Ground 4 of his § 2255 Motion, Petitioner argues that his counsel provided ineffective assistance by failing to review the Sentencing Guidelines and the possible sentences that the Court could impose. (§ 2255 Mot. at 19.) According to Petitioner, if he had received proper advice concerning his potential Sentencing Guidelines range, he could have sought to enter into a negotiated plea mid-trial. (Id. at 19-20.)

Judge Johnson accurately set forth the law governing ineffective assistance of counsel claims relating to the plea-bargaining process. (Final Report & Recommendation at 23-24.) Here, as Judge Johnson pointed out, Petitioner admitted that the Government never made a plea offer to him and that the Government rejected Petitioner's mid-trial attempt to negotiate a misdemeanor and no-jail-time plea deal. (Id. at 24.) Judge Johnson correctly found that "[b]ecause the Government never made a plea offer, [Petitioner] has not shown how he was

prejudiced by counsel's purported failure to advise him about his sentencing exposure, or how counsel could otherwise have performed deficiently with respect to the plea process." (Id.) The Court also agrees with Judge Johnson that Petitioner has not shown that, but for his counsel's alleged failure to advise him about his sentencing exposure, Petitioner would have pleaded guilty or would not have insisted on proceeding to trial. (Id.) As Judge Johnson noted, Petitioner "does not state that he 'would have' pled guilty, or even would have 'seriously considered' pleading guilty, but only that he 'could have' pled guilty." (Id.) Moreover, Judge Johnson also noted that the record fails to demonstrate that Petitioner had a reasonable probability of pleading guilty. (Id. at 25-26.) The Court agrees with Judge Johnson's assessment, and it finds that Petitioner cannot show that his counsel performed deficiently or that any claimed deficiency with respect to plea negotiations prejudiced Petitioner.

Petitioner cannot obtain relief as to this claim, and the Court adopts this portion of the Final Report and Recommendation.

### 4. Summary

In sum, Petitioner cannot obtain relief for the claims set forth in his § 2255 Motion. The Court therefore adopts the Final Report and Recommendation and denies Petitioner's § 2255 Motion.

### E. Certificate of Appealability

Judge Johnson also recommended that the Court decline to issue a certificate of appealability. (Final Report & Recommendation at 26-27.) The Court agrees with Judge Johnson that the resolution of Petitioner's claims is not debatable. The Court therefore declines to issue a certificate of appealability.

## V. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E.

Johnson [122] and **DENIES** Petitioner's § 2255 Motion [114]. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with that Motion: Civil Action File No. 4:18-CV-0068-HLM-WEJ. Finally, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED, this the 19th day of August, 2021.

/s/ Harold L. Murphy

_____
SENIOR UNITED STATES DISTRICT JUDGE